UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY E. THOMPSON,<br><br>Defendant. | Criminal No. 14-cr-49 (CKK) |

SEALED ORDER
(March 10, 2014)

Presently before the Court is the Government's Motion to Seal, seeking permission to utilize pseudonyms in the public version of the Statement of Offense and during the plea hearing in this matter on March 10, 2014. The Government identifies two grounds for redacting the names of thirteen individuals ("Mayoral Candidate A," "Mayoral Candidate B", "D.C. Council Candidate A", "D.C. Council Candidate B", "D.C. Council Candidate C," "D.C. Council Candidate D," "Individual A," "Individual B," "Individual C," "Individual G," "Officer A," "Officer B," and "Employee A"), and six entities ("Mayoral Campaign A," "Mayoral Campaign B," "PAC 1," "Civic Organization A," "Presidential Campaign 1," and "Campaign 2") referenced in the Information and Statement of Offense: (1) to avoid potential due process concerns; and (2) "to avoid disclosure of information relevant to an ongoing grand jury investigation." Gov't's Mot. ¶¶ 2-3.

Consistent with Court's practice during the plea hearings in related cases that preceded Defendant Thompson's plea hearing, the Court shall permit the Government to file a public version of the Statement of Offense using pseudonyms for Mayoral Candidate A and Mayoral Campaign A, but shall require the Government to identify Candidate A as Vincent Gray and

Mayoral Campaign A as Mr. Gray's mayoral campaign on the record during the plea hearing. The Court shall require the identification of Mr. Gray on the record during the plea hearing for the following three reasons. First, the Fifth Circuit has held that allegations against a third party in a statement of offense pose potential due process issues if the allegations were not "conceded, implicitly or explicitly, as part of [the] plea." *United States v. Holy Land Found. for Relief & Development*, 624 F.3d 685, 693 (5th Cir. 2010). In other words, extraneous allegations of wrongdoing against a third party in plea materials may create a cause for concern. *In re Smith*, 656 F.2d 1101, 1106 (5th Cir. 1981) (criticizing inclusion of allegations against Smith in the Government's proffer despite the fact that his name "was not implicated during either of the District Court's procedural obligations under Rule 11 to determine the factual basis for the defendant's pleas of guilty"). However, references to Mr. Gray and his campaign are not extraneous, but "necessary, material, [and] relevant" to Defendant Thompson's plea to conspiracies to violate election laws. *In re Smith*, 656 F.2d at 1106. Accordingly, identification of Mr. Gray does not raise significant due process concerns. Second, the Government has already publicly acknowledged that Mr. Gray's mayoral campaign is under investigation. Thus, again, no due process concerns are implicated by requiring the Government to acknowledge in open Court that Mayoral Candidate A and Mayoral Campaign A are Mr. Gray and his campaign. Finally, the Court has required the Government in past plea hearings related to this case to identify Mayoral Candidate A as Mr. Gray on the record during the plea hearing. The Government has not indicated in its present Motion to Seal that these previous public identifications of Mr. Gray have created any problems in the grand jury investigation of Mr. Gray. Accordingly, the Government may file public versions of the Statement of Offense using pseudonyms for Mayoral Candidate A and Mayoral Campaign A, but must identify Mayoral

Candidate A as Vincent Gray and Mayoral Campaign A is Mr. Gray's mayoral campaign on the record during the plea hearing.

With respect to the remaining redactions at issue, the Court accepts the Government's argument that due process warrants the use of pseudonyms for all individuals and entities except Mayoral Candidate B, D.C. Council Candidate A, D.C. Council Candidate B, D.C. Council Candidate C, and D.C. Council Candidate D. The facts as set forth in the Statement of Offense make clear that these individuals were integral to the elements of the conspiracies to which Defendant Thompson is pleading guilty. Nevertheless, as these individuals have not been publicly identified as under investigation or otherwise part of the investigation, the Court finds that the use of pseudonyms to identify these individuals is appropriate as their disclosure could hinder the ongoing grand jury investigation. For all other individuals and entities identified by pseudonym, the Court also accepts the Government's argument that the use of pseudonyms is appropriate given concerns about interference with the ongoing grand jury investigation.

Accordingly, it is, this 10th day of March, 2014, hereby

**ORDERED** that the Government's Motion to Seal is GRANTED on the present record. The Clerk of Court shall docket <u>under seal</u> the unredacted copy of the Statement of Offense <u>signed</u> by the Defendant. The Government, when asked by the Court, shall identify Mayoral Candidate A and Mayoral Campaign A during the plea hearing in this matter.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE